[Crim. No. 10417.   Second Dist., Div. Four.   June 21, 1965.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  DONALD
RUSSELL, Defendant and Appellant.

Richard H. Levin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward J. Hanessian, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—On May 27, 1964, the District Attorney of Los Angeles County filed an information accusing defendant with having violated section 288a of the California Penal Code. Jury was waived and, after a trial to the court, he was found guilty. A motion for new trial was made and denied. Thereafter, proceedings were commenced under the Mentally Disordered Sex Offender Act (Welf. & Inst. Code, §§ 5500 et seq.), resulting in an order suspending the criminal proceedings and committing defendant to Atascadero State Hospital for observation and report. Defendant filed a notice of appeal, which we treat as the statutorily permissible appeal in such cases from the order denying a new trial. (Pen. Code, § 1237, subd. 2.)

The testimony against defendant consisted of the testimony of his 16-year old brother-in-law (Larry Slager) that defendant had engaged in acts of oral copulation with the witness on a number of occasions, the testimony of the boy's mother that defendant had said to her, after his arrest, that the boy had "stripped him of his manhood," and certain testimony of a police officer, hereinafter discussed, as to conversations with defendant.

The contention on appeal is (a) that the boy was an accomplice; (b) that the testimony of the police officer violated the rules laid down in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361]; and (c) that, stripped of the officer's testimony, there was insufficient corroborative evidence.

We need not determine the validity of the first contention. Assuming, without deciding, that the boy was an

accomplice,[1] we hold that the officer's testimony was properly admitted and that this testimony, added to that of the mother, was sufficient to meet any requirement of corroboration.

## I

█ Prior to the preliminary hearing, defendant, while in custody, was engaged by one Officer Greenlee in a person-to-person conversation in which defendant stated, according to the testimony of Officer Greenlee, that "My attorney has told me not to make any statement." The officer replied, "Fine. If you are hiring an attorney and paying him, you should follow his advice." The officer added, "However, I want to discuss the case and unless you refuse, I intend to discuss it. You don't have to answer any questions or you can answer any questions you choose, make any statement you want." The officer then started to give the substance of his "discussion" with defendant. Objection was interposed and, after argument thereon, it was sustained and all testimony as to the contents of the discussion were stricken. Obviously, no prejudice to defendant occurred.

█ Officer Greenlee further testified that, approximately two weeks after the preliminary hearing, defendant telephoned Officer Greenlee to inquire about the minor Larry Slager. Officer Greenlee informed defendant that he had an attorney, and that if he felt that he had a grievance or that he was entitled to information, he should talk to his attorney. However, defendant insisted on discussing the matter and stated, "I am charged with 288a, which is sex perversion, and I want to know what he is charged with." Officer Greenlee stated that Larry Slager's petition would be submitted on section 600k[2] of the Welfare and Institutions Code indicating that the juvenile was in danger of leading a lewd and immoral life. Defendant replied, "Well, that doesn't mean anything." He then added, "I am charged with 288a and he did the same thing to me that I did to him. Why isn't he charged with the same crime?" Defendant closed the conversation by stating that he thought it was unfair, that Larry should be charged with the same crime, and that it took two to create this crime and therefore both parties should be charged equally.

---

[1] In answer to the defense contention, the People point out that the boy testified that he objected to the conduct, that a nonconsenting minor is not an accomplice, and that an implied finding that the boy was not an accomplice should be assumed in support of the conviction.

[2] The reporter's transcript so reads. Presumably the officer had in mind the now superseded section 700, subdivision (k) of the code cited.

■ Clearly this latter conversation does not violate either *Dorado* or *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]. When the phone call was made, defendant was no longer in custody; he was aware of his rights and was again reminded of them by the officer; the conversation was initiated by defendant and not by the officer; and, by no definition, can the conversation be regarded as "a process of interrogations that lent itself to eliciting incriminating statements." The objection to this testimony was properly overruled.

## II

The testimony of the boy was sufficiently corroborated. ■ In *People* v. *Emory* (1961) 192 Cal.App.2d 814, 821-822 [13 Cal.Rptr. 889], the rule as to the sufficiency of corroboration is set forth:

"The corroboration may be sufficient although slight and circumstantial and entitled to little consideration when standing by itself, and it is for the trier of fact to determine its weight. [Citations.] ■ It is not necessary that an accomplice be corroborated as to every fact to which he testifies. It is the combined and cumulative effect of the evidence furnished by nonaccomplice witnesses which supplies the test. (*Id.*) ■ A defendant's admissions, active and passive, and his declarations, constitute corroboration. [Citations.]"

■ Defendant in his conversation with Officer Greenlee by his own admission stated, "I am charged with 288a and he did the same thing to me that I did to him. Why isn't he charged with the same crime?" Defendant further said that it took two to create this crime and therefore both parties should be charged equally.

In a conversation with the boy's mother, defendant remarked that the boy (Larry Slager) had stripped him (defendant) of his manhood.

Assuming Larry Slager to be an accomplice, these statements cumulatively, if not separately, fit the test that the corroboration may be circumstantial and is sufficient, even though slight, if it tends to connect defendant with the commission of the crime. (*People* v. *Negra* (1929) 208 Cal. 64, 69-70 [280 P. 354].)

The order appealed from is affirmed.

Files, P. J., and Jefferson, J., concurred.